**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| SEAN SHAKA MYLES, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | Civil No. JFM-14-2373 |
| ) | Criminal No. JFM-01-0035 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Respondent. ) | |
| _____) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION
TO PETITIONER'S MOTION TO VACATE**

Comes now the United States of America, by and through its counsel, Rod J. Rosenstein, United States Attorney for the District of Maryland, and Jason D. Medinger, Assistant United States Attorney, and hereby responds to Petitioner Sean Shaka Myles' pro se motion to vacate sentence pursuant to 28 U.S.C. § 2255. As detailed below, the motion to vacate should be denied.

### I. FACTUAL AND PROCEDURAL HISTORY

On January 26, 2001, a grand jury returned a seven-count indictment charging Petitioner with conspiracy, possession with intent to distribute crack cocaine, and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841, 846. ECF No. 1.

On March 29, 2002, Petitioner entered into a plea agreement and pled guilty to Count 1 of the indictment (conspiracy to distribute and to possess with intent to distribute crack and cocaine). ECF No. 12.

On July 29, 2002, Petitioner was sentenced to 262 months of incarceration, to be followed by five years of supervised release. ECF No. 14.

On August 6, 2002, Petitioner filed a notice of appeal, taking issue with his sentence. ECF No. 15. However, because he had waived his appellate rights in his plea agreement in exchange for the dismissal of the other charges in the indictment, the Fourth Circuit dismissed his appeal. See United States v. Myles, 63 Fed. Appx. 155 (4th Cir. 2003).

Then, on April 21, 2004, Petitioner filed his first motion to vacate his sentence under 28 U.S.C. § 2255. ECF No. 26, attached hereto as Exhibit 1. This Court denied the Petitioner's habeas petition. ECF No. 29, attached hereto as Exhibit 2. Petitioner then sought a certificate of appealability, which was also denied. ECF Nos. 34, 35. Petitioner then sought to appeal this ruling to the Fourth Circuit, which denied the certificate of appealability and dismissed the petition. See United States v. Myles, 109 Fed. Appx. 619 (4th Cir. 2004).

On June 24, 2008, Petitioner filed a motion seeking retroactive application of the revised crack sentencing guidelines under Amendment 706. ECF No. 39. As this Court explained, however, Petitioner was not entitled to such relief under 18 U.S.C. § 3582(c)(2) because Petitioner's guidelines were driven by his status as a career offender, and hence his sentence was not "based on" the guidelines provision that related to the weight of crack ascribed to offense. United States v. Myles, 2009 U.S. Dist. LEXIS 120368 *4 (D. Md. Dec. 23, 2009) (citing the Fourth Circuit and other circuit decisions which hold that "career offenders do not get the benefit of the crack amendment").

Finally, on July 25, 2014, Petitioner filed the instant petition, his second petition under 28 U.S.C. § 2255 seeking to vacate his sentence. ECF No. 47. In this motion, he seeks to be resentenced based on his claims that: (1) he can no longer be considered a career offender for Guidelines purposes in light of Descamps v. United States, 133 S. Ct. 2276 (2013); (2) his sentence was unconstitutional because it was rendered pre-Booker when the Guidelines were

2

deemed to be mandatory; and (3) his sentence should be reduced under Guidelines Amendment 750 and the Fair Sentencing Act. Id.

As detailed below, this petition is barred procedurally for a variety of reasons, and is otherwise meritless. As such, the motion to vacate should be dismissed or denied.

## II.  ARGUMENT

In a Section 2255 motion, the petitioner has the burden of demonstrating, by a preponderance of the evidence, that he merits collateral relief. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958); see also Wright, et al., 3 Federal Practice and Procedure Crim. 3d § 600 ("The defendant has the burden of sustaining his contentions on a § 2255 motion by a preponderance of the evidence."). To be successful in his motion, the petitioner must demonstrate either: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States," (2) "that the court was without jurisdiction to impose such sentence," (3) "that the sentence was in excess of the maximum authorized by law," or (4) that the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; see also Hill v. United States, 368 U.S. 424, 426-27 (1962).

Here, Petitioner seeks to vacate his sentence on three grounds: (1) he claims that as a result of Descamps v. United States, 133 S. Ct. 2276 (2013) and United States v. Royal, 731 F.3d 333 (4th Cir. 2013), his prior Maryland State conviction for battery should not have counted towards his career offender status; (2) he claims his sentence was unconstitutional because it was rendered pre-Booker when the Guidelines were deemed to be mandatory; and (3) he claims his sentence should be reduced under Guidelines Amendment 750 and the Fair Sentencing Act. Id.

As detailed below, these arguments should be rejected because: (1) the petition is barred as untimely under 28 U.S.C. § 2255(f); (2) the petition is barred as a successive § 2255 petition

and neither <u>Descamps</u> nor <u>Booker</u> were made retroactive to cases that were final before those decisions were rendered; (3) on the merits, Petitioner is incorrect to suggest that <u>Descamps</u>, <u>Royal</u>, or the Fair Sentencing Act have any effect on his sentence.

**A.      The Petition Should Be Dismissed As Untimely.**

Federal law imposes a one-year statute of limitations on the filing of petitions to vacate. 28 U.S.C. § 2255(f).  This one-year period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

<u>Id.</u>   Petitions filed after the limitations period has run must be denied.  <u>See</u> <u>In re Vassell</u>, 751 F.3d 267, 272 (4th Cir. 2014) (denying § 2255 motion as untimely); <u>United States v. Mathur</u>, 685 F.3d 396, 397 (4th Cir. 2012) (same).

Here, the Petitioner's petition should be denied as untimely.  Petitioner pled guilty and then was sentenced on July 26, 2002.  ECF No. 14.  He then filed a notice of appeal, which was denied on May 20, 2003.  <u>See</u> <u>United States v. Myles</u>, 63 Fed. Appx. 155 (4th Cir. 2003).  He did not file for certiorari within 90 days of the Fourth Circuit's decision.  Accordingly, his conviction and sentence became final on August 18, 2003 after the time to seek certiorari expired.  <u>See</u> <u>Clay v. United States</u>, 537 U.S. 522 (2003) (determining when conviction becomes "final" for § 2255 purposes following an unsuccessful appeal).  Hence, given that the instant

4

petition was filed on July 25, 2014—which is more than 10 years after the Petitioner's conviction and sentence became final—his petition should be dismissed as untimely under 28 U.S.C. § 2255(f)(1).  See Vassell, supra; Mathur, supra.

     Nor has the Petitioner carried his burden to show the applicability of any of the exceptions in 28 U.S.C. §§ 2255(f)(2), (3), or (4).  Indeed, Petitioner does not even cite any of these exceptions in his brief, much less make any showing as to their applicability.  Nor could he.  There was no governmental action preventing his timely filing (indeed, he already filed one timely § 2255 petition challenging his sentence back in 2004), and thus (f)(2) is not applicable here.  Nor is (f)(3) germane here given that neither Descamps nor Booker have been recognized by the Supreme Court as being retroactive on collateral review.  See Stewart v. United States, 2014 U.S. Dist. LEXIS 144069 at *1 n.1 (D. Md. Oct. 9, 2014) (Quarles, J.) ("The Supreme Court has not, however, declared Descamps retroactive on collateral review and this court knows of no circuit which has found it retroactive.") (citing cases which have found that Descamps is not retroactive); Thomas v. United States, 2014 U.S. Dist. LEXIS 42948 at *3 n.1 (D. Md. Mar. 31, 2014) (Motz, J.) ("The Supreme Court has not, however, declared Descamps retroactive on collateral review."); United States v. Dunphy, 551 F.3d 247, 255 n.5 (4th Cir. 2009) (noting that "defendants whose convictions are final have no right to resentencing under Booker on collateral review under 28 U.S.C. § 2255"); United States v. Morris, 429 F.3d 65, 66-67 (4th Cir. 2005) (agreeing with other circuits that "Booker does not apply retroactively to cases on collateral review").

     Finally, Petitioner is incorrect to suggest that § 2255(f)(4) or equitable tolling are available here based on the fact that Descamps and Booker were decided after his conviction and sentence became final.  See ECF 47 at 11-12 (Petitioner arguing that his petition is timely by

virtue of the Fourth Circuit panel's decision in Whiteside v. United States and claiming that he may file a § 2255 petition if it is within one year of a decision such as Descamps or Booker that might impact his sentence if he were to be sentenced anew today). This is because the Fourth Circuit vacated the Whiteside panel opinion on which the Petitioner relies and set the matter in for rehearing en banc. See Whiteside v. United States, 578 Fed. Appx. 218 (4th Cir. 2014). Then, on December 19, 2014, the Fourth Circuit sitting en banc held that § 2255 petitions will *not* be rendered timely simply because the petition is filed within one year of the issuance of some new legal ruling from the circuit court. Whiteside v. United States, __ F.3d __, 2014 U.S. App. LEXIS 23982 at *16 (4th Cir. Dec. 19, 2014) (holding that "the relevant limitations period under § 2255(f) is one year after the conviction is final, not one year from a decision that effectuates a change in circuit law"). The Court recognized that Congress had put in place an express limitations period to ensure that convictions that were final are not endlessly re-litigated collaterally each and every time there is some perceived change in circuit law. See id. Thus, Petitioner is incorrect to rely on the now-vacated panel opinion in Whiteside to claim that his petition could somehow be timely simply by virtue of the issuance of a new Fourth Circuit opinion (Royal) within a year of his latest filing. Rather, the en banc opinion in Whiteside and § 2255(f) confirm that his petition should be denied as untimely.

**B.     The Petition Should Be Dismissed As Successive.**

Aside from being untimely, Petitioner's petition is also procedurally barred as a successive petition. Specifically, Petitioner filed his first motion to vacate under § 2255 on April 21, 2004, and that motion was denied on June 8, 2004. ECF Nos. 26, 29, attached hereto as Exhibits 1 and 2. Indeed, Petitioner specifically argued in his first 2255 petition that he was improperly sentenced as a career offender, and that absent his counsel's claimed ineffective

assistance, he would not have received career offender status. Exhibit 1 at 12.   Petitioner likewise filed a motion for retroactive application of the revised crack sentencing guidelines under Amendment 706 on June 24, 2008, which was denied on December 23, 2009.  ECF Nos. 39, 45.  Accordingly, Petitioner has now twice sought to attack his sentence through collateral review.  Hence, this latest challenge is barred as a successive petition under 28 U.S.C. § 2255(h).

Federal law generally provides that a defendant may only file one post-conviction habeas petition.  See 28 U.S.C. § 2255(h).  If the defendant desires to files a second petition, it must first be

> certified as provided in section 2244 [28 U.S.C. § 2244] by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); In re Vassell, 751 F.3d 267, 268 (4th Cir. 2014).  If a prisoner has not obtained such authorization, then the District Court lacks jurisdiction over the motion.  See Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (per curiam); Gasque v. United States, 2014 U.S. Dist. LEXIS 56984 (D. Md. Apr. 23, 2014) (Bredar, J.) ("There is no showing Gasque has filed for and received certification from the Fourth Circuit.  Consequently, this court may not consider the merits of his claim.").

Not every numerically second petition should be considered a second or successive petition under § 2255(h).  In re Taylor, 171 F.3d 185, 187-88 (4th Cir. 1999) (holding that petitioner was not raising a second petition where he "seeks to raise only those issues that originated at the time of his resentencing, after his first § 2255 petition").  However, where

previous petitions sought to attack the validity of a particular conviction and sentence, any later petition with regard to that same conviction and sentence is generally held to be a successive petition. Compare Burton v. Stewart, 549 U.S. at 152-53 (holding that the defendant's petition was successive because "Burton twice brought claims contesting the same custody imposed by the same judgment of a state court") with Magwood v. Patterson, 561 U.S. 320, 323-24 (2010) ("Because Magwood's habeas application challenges a new judgment for the first time, it is not 'second or successive' under § 2244(b)"); id. at 333 (holding that the successive petition analysis focusses on whether the new petition is attacking a new "judgment" or the same judgment that was at issue previously); see also McCants v. United States, 2014 U.S. Dist. LEXIS 171698 at *3 (D. Md. Dec. 11, 2014) (holding that § 2255 petition was successive because it "raises a direct attack on the same convictions" that were the subject of the previous petition).

Based on the foregoing, the instant petition should be dismissed as a successive petition. Petitioner filed his first § 2255 petition attacking his July 2002 conviction and sentence in April 2004. ECF No. 26, Exhibit 1. He again sought to reduce that sentence when he moved for retroactive application of the revised crack sentencing guidelines in June 2008. ECF No. 39. And in this third post-conviction motion, Petitioner is again challenging the very same sentence he received in 2002. ECF No. 47. Accordingly, because Petitioner is seeking to challenge the same judgment as before, his petition should be considered successive. See Burton, supra. And as such, because there is no indication that he has received any certification from the Fourth Circuit to pursue this petition,[1] this Court lacks jurisdiction over the petition. See McCants, supra.

---

[1] Nor is there any reason to suggest that the Petitioner would be successful in seeking such a certification from the Fourth Circuit. This is because Petitioner raises no claim of newly discovered evidence of actual innocence. See generally ECF No. 47. Moreover, as detailed

**C.      The Petition Should Be Denied As Meritless.**

Alternatively, even if the instant petition is not procedurally barred, it should still be denied as lacking in merit, for several reasons.

First, while the Petitioner seeks to invoke Descamps and Royal in an attempt to undermine a Maryland State Court battery conviction which he claims was used to support a career offender enhancement under the sentencing guidelines, see ECF No. 47 at 3-5, these cases are inapposite.  In Descamps, the Supreme Court clarified the test for determining whether a prior conviction constitutes a "violent felony" under the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii).  See Descamps v. United States, 133 S. Ct. 2276 (2013).  In United States v. Royal, the Fourth Circuit clarified whether a Maryland State conviction for second degree *assault* could constitute a "violent felony" under ACCA.  731 F.3d 333 (4th Cir. 2013).  In short, neither of these cases had anything to do with calculating whether a defendant should be considered a career offender under § 4b1.1 of the guidelines.  Nor did either of these cases consider the conviction for which the Petitioner was charged, battery.  As such, these cases are simply inapposite to Petitioner's sentence, and hence provide no help to him here.

---

above, there is no Supreme Court holding that either Descamps or Booker should be given retroactive effect on collateral review.  See Stewart v. United States, 2014 U.S. Dist. LEXIS 144069 at *1 n.1 (D. Md. Oct. 9, 2014) (Quarles, J.) ("The Supreme Court has not, however, declared Descamps retroactive on collateral review and this court knows of no circuit which has found it retroactive.") (citing cases which have found that Descamps is not retroactive); Thomas v. United States, 2014 U.S. Dist. LEXIS 42948 at *3 n.1 (D. Md. Mar. 31, 2014) (Motz, J.) ("The Supreme Court has not, however, declared Descamps retroactive on collateral review."); United States v. Dunphy, 551 F.3d 247, 255 n.1 (4th Cir. 2009) (noting that "defendants whose convictions are final have no right to resentencing under Booker on collateral review under 28 U.S.C. § 2255); United States v. Morris, 429 F.3d 65, 66-67 (4th Cir. 2005) (agreeing with other circuits that "Booker does not apply retroactively to cases on collateral review").  Hence, there is no basis on which a certificate of appealability would be granted.

Second, even if this Court were to find that cases decided under ACCA could have some relevance to the career offender enhancement, see United States v. Seay, 553 F.3d 732, 738-39 (4th Cir. 2009) (holding that, because the definitions of "violent felony" under ACCA and "crime of violence" under § 4b1.1 were similar, cases under one provision would be persuasive to the other), they still would provide no assistance to the Petitioner here. This is because under Descamps, provided the State statute under which the defendant was convicted constitutes a "divisible" crime, meaning it can be satisfied by the commission one or more alternative elements, some of which may be outside the elements of the generic qualifying offense, then a court may resort to a limited number of documents in order to determine whether the prior offense qualifies. See Descamps v. United States, 133 S. Ct. 2276, 2283 (2013). The Fourth Circuit has described the Maryland battery statute as the kind of divisible crime for which the modified categorical approach may be appropriate. See United States v. Alston, 611 F.3d 219, 222-23 (4th Cir. 2010). This means a court may look at certain documents, including the charging document and the statement of probable cause, to determine whether the defendant engaged in a use of physical force against the person of another to the degree required to constitute a crime of violence. United States v. Baldwin, 347 Fed. Appx. 911, 914-15 (4th Cir. 2009) (holding that court properly looked to Maryland State charging document and statement of probable cause in order to determine whether guilty plea satisfied the generic elements required for a crime of violence). Here, the Government has requested the charging documents, but they have not been able to be located by either the Maryland State Archives or the Baltimore City Circuit Court. See Exhibit 3. If these documents are able to be recovered, the Government will supplement this filing. However, it appears unlikely these documents will be of assistance to the Petitioner. According to the Presentence Report, the charging papers for this conviction show

the defendant accelerated a stolen car towards a police officer attempting to arrest him, causing contact between the car and the officer's leg. PSR at 5.[2] This is more than sufficient to meet the generic standards for a battery. Thus, even applying Descamps, it would still mean that the Petitioner's battery conviction properly counts towards his career offender status. Hence, this further demonstrates that the petition still fails, even if the merits are considered.

Third, even if the Petitioner were correct and Descamps and Fourth Circuit precedent somehow called into question his battery conviction, this would still not change the fact that he was properly classified as a career offender. As detailed in his PSR, the Petitioner had three other qualifying predicate crimes other than his battery conviction at the time of his original sentencing in 2002. Specifically, at the time of his sentencing, the Petitioner had qualifying convictions for: (1) possession with intent to distribute CDS in Baltimore City Circuit Court Case No. 291179016 (sentenced in 1992); (2) possession with intent to distribute CDS in Baltimore City Circuit Court Case No. 191331009 (sentenced in 1992); (3) handgun on person in Baltimore City Circuit Court Case No. 696324001 (sentenced in 1996, and resentenced in 1998); (4) handgun on person in Baltimore City Circuit Court Case No. 897294003 (sentenced in 1997, and resentenced in 1998); and (5) possession with intent to distribute CDS in Baltimore City Circuit Court Case No. 198037028 (sentenced in 1998). Accordingly, even without the battery conviction that is the subject of his motion, his other crimes are more than sufficient to meet the standards in U.S.S.G. § 4B1.1 to earn him career offender status. Hence, the Petitioner is incorrect to suggest that the application of Descamps to his 1990 battery conviction would somehow result in a lower sentence.

---

[2] Pursuant to D. Md. Local Rule 213, the PSR may not be publicly filed with the Court. However, the Court may take judicial notice of the PSR as an internal court record.

Finally, Petitioner is wrong to claim that he is somehow entitled to a sentence reduction under Amendment 750 or the Fair Sentencing Act. As the Fourth Circuit found in United States v. Munn, 595 F.3d 183, 187 (4th Cir. 2010), a district court lacks the authority to reduce a defendant's sentence if the sentence is "based on" the career offender provisions and not the provisions related to an amendment in the guidelines. Pursuant to this precedent, the Fourth Circuit has repeatedly rejected claims that sentences should be reduced under Amendment 750 where the petitioners were in fact sentenced as career offenders. See United States v. Morrison, 585 Fed. Appx. 220, 220 (4th Cir. 2014); United States v. Lee, 583 Fed. Appx. 275 (4th Cir. 2014); United States. v. Van Buren, 573 Fed. Appx. 248 (4th Cir. 2014). Nor may the Petitioner seek any reduction under the Fair Sentencing Act ("FSA"): because he was sentenced in 2002 before the Fair Sentencing Act became effective, the FSA does not apply. United States v. Bullard, 645 F.3d 237, 246-49 (4th Cir. 2011) (holding that "the FSA does not apply retroactively"); accord United States v. Black, 737 F.3d 280, 282 (4th Cir. 2013).

Accordingly, even if his claims are not procedurally barred as untimely or because they are raised in a successive habeas petition, Petitioner's claims still fail on the merits.

### III.  CONCLUSION

Based on the foregoing, the Government respectfully requests that the Court dismiss the petition as barred, or alternatively deny the relief sought because the petition is meritless.

    Respectfully submitted,

    Rod J. Rosenstein
    United States Attorney

By:____/s/_____
    Jason D. Medinger (Bar No. 28470)
    Assistant United States Attorney
    36 South Charles Street
    Fourth Floor

>Baltimore, Maryland 21201
>(410) 209-4800

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I caused to be mailed, with postage prepaid, a copy of the foregoing Response in Opposition to Motion to Vacate to Petitioner as follows:

>Sean Shaka Myles, pro se
>FCI McDowell
>P.O. Box 1009
>Welch, WV  24801

>\_\_\_/s/_____
>Jason D. Medinger
>Assistant United States Attorney
>36 South Charles Street
>Fourth Floor
>Baltimore, Maryland 21201
>(410) 209-4800